# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MATTHEW DELUCA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WRITER, INC.,<br><br>Defendant. | Case No. 9:24-cv-80833<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Matthew DeLuca ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant Writer, Inc. ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief based on the investigation of Plaintiff's counsel as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., and the Federal Communications Commission's implementing regulations, and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2. As alleged herein, Defendant violated the TCPA by placing telemarketing calls to telephone numbers that were registered on the National Do Not Call ("DNC") Registry, including to Plaintiff and the members of the Class (defined below), without their prior express written consent. As further alleged, Defendant violated the FTSA by placing such calls using an automated system for the selection or dialing of telephone numbers.

3. Through this action, Plaintiff seeks an award of statutory damages to Plaintiff and the Class, as well as injunctive relief against Defendant's ongoing and continued violations of the TCPA and the FTSA.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over Plaintiff's federal TCPA claims pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's FTSA claims pursuant to 28 U.S.C. § 1367, as the FTSA claims form part of the same case or controversy as Plaintiff's claims under the TCPA.

6. This Court has personal jurisdiction over Defendant because this suit arises out of and relates to Defendant's contacts with this state as Defendant directed the unlawful telemarketing calls at issue to Plaintiff's cellular telephone while plaintiff was residing and physically present in Florida.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## PARTIES

8. Plaintiff is a natural person and, at all relevant times, was a resident of Palm Beach County, Florida.

9. Defendant is a Delaware Corporation with its principal place of business in San Francisco, CA.

## FACTUAL ALLEGATIONS

10. Plaintiff is the subscriber of a cellular telephone number ending in 2113.

11. Plaintiff registered his number on the National DNC Registry in 2007, and it has been so registered at all relevant times.

12. Defendant is a generative artificial intelligence company based in San Francisco, California.

13. In order to promote the sale of its products and services, Defendant places telemarketing calls to consumers, including to telephone numbers listed on the National DNC Registry, without their consent, and upon information and belief, Defendant places such calls using an automated system for the selection or dialing of telephone numbers.

14. On June 26, 2024, Plaintiff received numerous and successive unsolicited telemarketing calls from Defendant or someone acting on Defendant's behalf and/or under Defendant's control.

15. Specifically, on June 26, 2024, at 1:51 p.m., Plaintiff received an unsolicited telemarketing call by or on behalf of Defendant from telephone number (561) 229-0471, which is a number that is owned or controlled by Defendant,

16. A few minutes later that same day, at 1:59 p.m., Plaintiff received a second unsolicited telemarketing call by or on behalf of Defendant from telephone number (561) 246-5730, which is a number that is owned or controlled by Defendant.

17. A few minutes later that same day, at 2:04 p.m., Plaintiff received a third unsolicited telemarketing call by or on behalf of Defendant from telephone number (561) 232-2529, which is a number that is owned or controlled by Defendant.

18. Defendant's unsolicited telemarketing calls to Plaintiff constitute "telephone solicitations" under the TCPA because they were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

19. Defendant's unsolicited calls to Plaintiff constitute "telephonic sales calls" under the FTSA because they were placed for the purpose of soliciting a sale of any consumer goods or services.

20. Plaintiff never provided Defendant with prior express written consent, or any consent, to receive telemarketing calls.

21. Defendant's unlawful telemarketing calls caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

22. Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23 on behalf of the following proposed Classes:

> **The TCPA DNC Registry Class: All persons in the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) Defendant (or an agent acting on behalf of Defendant) called their telephone phone number two or more times in any 12-month period, (2) for the same purpose Plaintiff was called; (3) while there telephone number had been listed on the National Do Not Call Registry for at least thirty days.**
>
> **The FTSA No Consent Class: All persons in the State of Florida who, between July 1, 2021, through the date of class certification (1) Defendant (or an agent acting on behalf of Defendant) called their telephone phone number one or more times, (2) using the same equipment used to call Plaintiff; (3) without their prior express written consent.**

23. The Classes defined above are, at times, collectively referred to as, the "Class."

24. Plaintiff reserves the right to expand or narrow the definitions of the Class following discovery.

25. Excluded from the Class is Defendant and its employees and agents.

26. *Numerosity.* The members of the Class are so numerous that individual joinder is impracticable. Plaintiff cannot know the exact number of Class members affected by Defendant's

conduct, but based on the general nature of telemarketing campaigns, Plaintiff believes, and therefore alleges upon information and belief, that each Class includes, at a minimum, 40 members. The members of the Class are ascertainable because they are defined by reference to objective criteria. The exact number and identities of the Class members are unknown at this time but can be ascertained through discovery, and identification of the Class members is a matter capable of ministerial determination from Defendant's records.

27. ***Common questions of law and fact predominate.*** There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

    a. Whether Defendant placed telemarketing calls to Plaintiff and the Class while their telephone numbers were registered on the National DNC Registry;

    b. Whether Defendant's calls constitute "telephone solicitations" under the TCPA;

    c. Whether Defendant's calls constitute "telephonic sales calls" under the FTSA;

    d. Whether Defendant can meet its burden of showing that it had the requisite consent to place telemarketing calls to Plaintiff and the Class;

    e. Whether Defendant acted knowingly or willfully;

    f. Whether Defendant is liable to Plaintiff and the Class for statutory damages, and the amount of such damages; and

    g. Whether Defendant should be enjoined from engaging in such conduct in the future.

28. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class because they are based on the same factual and legal theories, Plaintiff and the Class members were harmed by Defendant in the same way, and Plaintiff is not subject to any unique defenses.

29. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action. Further, Plaintiff has no interests that are antagonistic to those of the members of the Class.

30. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the amount of individual damages to each member of the Class resulting from Defendant's wrongful conduct does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

31. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

## CAUSES OF ACTION

## COUNT 1

**Violation of the TCPA,
47 U.S.C. § 227(c)
(On Behalf of Plaintiff and the TCPA DNC Registry Class)**

32. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

33. The TCPA establishes a national DNC registry of phone numbers of consumers who object to receiving telephone solicitations. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014.

34. The FCC's implementing regulation under the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to[] [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c)(2).

35. A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of … property, goods, or services, which his transmitted to any person", but excludes a call or message "to any person with that person's prior express invitation or permission" and "to any person with whom the caller has an established business relationship." § 64.1200(f)(15).

36. A violation of Section 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), which provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)]," which includes Section 64.1200(c). § 227(c).

37. Defendant violated Section 64.1200(c) by initiating, or causing to be initiated on its behalf, more than one telephone solicitation in a 12-month period to Plaintiff and the members of the TCPA DNC Registry Class while their respective telephone numbers were registered on the National DNC Registry for at least 30 days.

38. As a result of Defendant's violations of the TCPA, Plaintiff and the members of the TCPA DNC Registry Class were harmed.

39. Plaintiff and the members of the TCPA DNC Registry Class are entitled to an injunction against Defendant's conduct. Section 227(c)(5)(A).

40. Plaintiff and the TCPA DNC Registry Class are entitled to an award of statutory damages of $500.00 for each call that violates the TCPA. Section 227(c)(5)(B).

41. Because Defendant knew or should have known that it was placing telemarketing cold calls to numbers on the National DNC Registry without consent, Defendant's violations of the TCPA were willful or knowing.

42. Plaintiff and the TCPA DNC Registry Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. Section 227(c)(5)(C).

## COUNT 2

**Violations of the FTSA,
Fla. Stat. § 501.059(8)(a)
(On Behalf of Plaintiff and the FTSA No Consent Class)**

43. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above, except for the allegations in the preceding Count, as if fully set forth herein.

44. The FTSA provides that "[a] person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers…without the prior express written consent of the called party." § 501.059(5).

45. "Prior express written consent" means a written agreement that "clearly authorizes the person making or allowing the placement of a telephonic sales call by…text message…to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers[.]" § 501.059(1)(g).

46. Plaintiff is, and at all times relevant was, a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of the cellular telephone number that received Defendant's telephonic sales calls.

47. Defendant is, and at all times relevant was, a "telephone solicitor" as defined by Section 501.059(1)(i).

48. Defendant's calls to Plaintiff and the FTSA No Consent Class promoted "consumer goods or services" as defined by Section 501.059(1)(c).

49. Defendant's calls to Plaintiff and the FTSA No Consent Class were "telephonic sales calls" as defined by Fla. Stat. Section 501.059(j).

50. Defendant's calls to Plaintiff and the FTSA No Consent Class were transmitted using an automated system for the selection and dialing of telephone numbers.

51. Defendant placed the calls at issue to Plaintiff and the FTSA No Consent Class in Florida.

52. Defendant did not obtain "prior express written consent" to send the text messages to Plaintiff and the FTSA No Consent Class using an automated system, as required by Section 501.059(8)(a).

53. Thus, Defendant's calls violate the FTSA, Section 501.059(8)(a).

54. Plaintiff and the FTSA No Consent Class are entitled to an award of statutory damages of $500 per text message that violates the FTSA. § 501.059(10)(a).

55. Plaintiff and the FTSA No Consent Class are entitled to an award of statutory damages of $1,500 for each willful violation of FTSA. § 501.059(10)(b).

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, prays for the following relief:

A. An Order certifying the Class, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B. An Order declaring that Defendant's actions alleged herein violate the TCPA and FTSA;

C. An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the TCPA, and an award of $1,500 for each violation found to be knowing or willful;

D. An award to Plaintiff and each member of the Class of statutory damages of $500 for each text message that violates the FTSA, and an award of $1,500 for each violation found to be knowing or willful;

E. An award to Plaintiff and the Class of attorneys' fees and the costs of this action;

F. An injunction against Defendant's continuing and future violations of law; and

G. Such further and other relief as the Court deems necessary.

Dated: July 8, 2024                            Respectfully submitted,


                                               <u>*/s/ Chris Gold*</u>
                                               Chris Gold
                                               Florida Bar No. 088733
                                               **GOLD LAW, PA**
                                               350 Lincoln Rd., 2nd Floor
                                               Miami Beach, FL 33139
                                               Tel: 561-789-4413
                                               chris@chrisgoldlaw.com

                                               *Counsel for Plaintiff and the Proposed Class*